IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:10CR45 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MACK L. NASH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the objections, Filing No. 27, to the findings and recommendation of the magistrate judge, Filing No. 26. The magistrate judge denied defendant's motion and amended motion to suppress, Filing No. 14 and Filing No. 16. Defendant is charged with possession of a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Filing No. 1. Under 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the record, including the transcript of the hearing. See Filing No. 24. The court agrees with the magistrate judge's recitation of the facts, and they need not be fully repeated here. See Filing No. 26. The court likewise agrees with the magistrate judge's application of the law to the facts in this case. Accordingly, the court will adopt the findings and recommendation in their entirety.

Briefly, the evidence establishes that law enforcement officers were dispatched following a 911 call on January 12, 2010, at 3:00 a.m., where a female caller asked the police to get there because a man had a gun. The caller indicated the man had an orange hat but said nothing else about his clothing or his race. The dispatcher relayed the information. Officer Brent Kendall arrived at the location as did Officer Anthony Desciscio. Two other officers arrived to help check the area behind the residential building while

additional officers approached the front of the residence.  The officers knew this to be an area of gang activity.  They also knew that sports' team apparel was used by members to signify gang affiliation.  The officers saw a male in close proximity to the residence who was wearing a multicolored hat.  The hat contained the color orange.  When asked to stop and raise his hands, the defendant started walking away.  He eventually stopped and defendant became belligerent and yelled at the officers.

At that time the officers recognized that defendant as someone who was on their gang activity report and further that defendant had a prior felony conviction.  Defendant attempted to get away but was taken to the ground.  Defendant was then arrested for disorderly conduct and a pat-down ensued.  Defendant volunteered comments about the gun in the snow not being his gun.  Officer Kendall then found a black semiautomatic gun in the snow where defendant had paused before stopping for the officers.

Defendant argues that the magistrate judge made numerous errors of fact when denying the motion to suppress.  For example, the magistrate judge stated that the police arrived within three minutes of the 911 call.  The defendant argues that the facts show it was actually six minutes.  Further, defendant argues that his hat was not orange but contained multiple colors, including orange.  The magistrate judge found the hat was orange or partially orange.  The defendant also argues that certain findings or lack of findings are in error.  Some of these arguments include the following:  that the magistrate judge failed to find that the 911 caller may have implied the gunman might have been with someone else; that the caller did not necessarily state that a crime was being committed; that neither Officer Kendall nor Officer Desciscio heard the original 911 call; the fact that the officers believed they were looking for an African-American male, when no racial

description was given in the 911 call; and that there existed alleged discrepancies between officers on the number of yards from the residence to the defendant's location.

The magistrate judge determined that the officers had legal justification for the initial *Terry* stop. *Terry v. Ohio,* 392 U.S. 1 (1968). Defendant was alone at 3:00 a.m. near the residence in question and had a hat that contained orange. Based on the totality of the circumstances, the magistrate judge found reasonable and articulable suspicion to justify the investigatory stop and detention. *See United States v. Juvenile TK,* 134 F.3d 899, 903 (8th Cir. 1998). The magistrate judge then found probable cause for arrest for disorderly conduct, given defendant's behavior from the time police asked him to stop up and through the time he tried to escape from law enforcement. *See United States v. Binion,* 570 F.3d 1034, 1040 (8th Cir. 2009 ). Thereafter, the magistrate judge found that the defendant gave up any right of privacy when he abandoned the gun. *See United States v. Voice,* 622 F.3d 870, 878 n.3 (8th Cir. 2010). Further, the defendant made statements denying ownership of the gun which is further evidence of abandonment. The court has carefully reviewed the findings of fact and conclusions of law as stated by the magistrate judge. The court finds the magistrate judge is correct in all respects and will adopt them in their entirety. Further, the court has carefully reviewed the objections by the defendant. The court finds that some of the objections are not material to the issues at hand, that others are credibility issues that can be raised at trial, and that all were correctly decided by the magistrate judge. Accordingly, the objections are overruled for purposes of the motions to suppress.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to suppress, Filing No. 14, and amended motion to suppress, Filing No. 16, are denied.

2. The objections of the defendant, Filing No. 27, are overruled.

3. The findings and recommendation of the magistrate judge, Filing No. 26, is adopted in its entirety.

DATED this 3rd day of January, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4